IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRY LEE CLIFTON | ) | |
| | ) | |
| v. | ) | NO. 3:11-0260 |
| | ) | |
| PHIL BREDESEN, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered June 14, 2011 (Docket Entry No. 17), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct further proceedings under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to transfer venue (filed September 19, 2011; Docket Entry No. 34) filed by Defendants Corrections Corporation of America, Joe Easterling, Terrance Dickerson, Deanne Mills, Dorothy Robertson, Derek Cannon, and Marquita Marshall, to which no response has been filed. For the reasons set out below, the Court recommends that the motion be granted and this action be transferred to the Western District of Tennessee.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. On January 3,

2011, he filed a <u>pro</u> <u>se</u> "Motion for and [sic] Restraining Order and a Motion to Enforce Injunction (Restraining Order) and for Contempt to Court for Failure to Complaince [sic] and Motion to Intervene and Reopen," in which he alleged that numerous defendants had violated his Eighth Amendment right to be free from cruel and unusual punishment. <u>See</u> Docket No. 1.

The Court construed the complaint as seeking relief under 42 U.S.C. § 1983. Pursuant to an initial screening of the complaint under 28 U.S.C. § 1915A, the Court dismissed from the action Tennessee Governor Phil Bredesen and Tennessee State Attorney General Robert Cooper, who had both been named as defendants, and dismissed the plaintiff's claims regarding inadequate heat, food, and educational and vocational programs at the HCCF. <u>See</u> Docket Entry No. 16, at 6-9. However, the Court found that the plaintiff's allegations regarding the defendants' alleged failure to protect him from harm at the hand of other inmates stated a claim for relief which was not frivolous and ordered process to issue to 11 defendants on this claim: former TDOC Commissioner Gayle Ray, the Chief Executive Officer and President of Corrections Corporation of America, Inc. ("CCA"), HCCF Warden Joe Easterling, HCCF Associate Warden Terrance Dickerson, HCCF Chief of Security C. Roberts, HCCF Chief of Unit Management Deanne Mills, HCCF Unit Manager Dorothy Robertson, HCCF Correctional Officers Derek Cannon and f/n/u McKinney, and HCCF Case Managers Marquita Marshall and f/n/u Leaks.

By their motion, the defendants move the Court to transfer the action to the Western District of Tennessee, Eastern Division. They argue that the factual predicate for the plaintiff's sole remaining claim is based on events alleged to have occurred at the HCCF, which is located in the Eastern Division of the Western District of Tennessee. <u>See</u> 28 U.S.C. § 123(c)(1). They further argue that the plaintiff and the majority of named defendants are located within the Western District

and that any potential witnesses to events occurring at the HCCF would likely also be located in the Western District. Because the action could have originally been filed in the Western District, the defendants argue that transfer of the action to the Western District is appropriate under 28 U.S.C. § 1404(a).

## II. ANALYSIS

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." With that statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 537 (6th Cir. 2002).

When ruling on a Section 1404(a) motion to transfer, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). The Sixth Circuit has suggested that relevant factors to be considered include: (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice. Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009). Courts also consider, and give some degree of deference to, the plaintiff's choice of forum. Smith v. Kyphon,

Inc., 578 F.Supp.2d 954, 962 (M.D.Tenn. 2008); Winnett v. Caterpillar Inc., 2006 WL 1722434 (M.D. Tenn. June 20, 2006).

In the instant action, all of the events at issue occurred at the HCCF, which is within the Western District. Further, the plaintiff and nine of the remaining eleven named defendants are within the Western District. As such, substantially all of the parties and potential witnesses are within the Western District. Should this matter proceed to trial or an evidentiary hearing, the parties and witnesses would be inconvenienced if venue remains in the Middle District and they are required to travel to the Middle District. The only basis for filing this action in the Middle District is that the plaintiff named as defendants the Tennessee Governor and Attorney General, the TDOC Commissioner, and a corporate officer for CCA, all of whom presumably reside within the Middle District. Although venue over these defendants made filing the action in the Middle District technically proper,[1] the Middle District is the least appropriate venue for further proceedings in the action. All of the above noted factors weigh in favor of transferring to the Western District of Tennessee pursuant to Section 1404(a).

---

[1] Venue as to the individuals named as defendants is governed by § 1391(b), which provides the following:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**RECOMMENDATION**

Accordingly, the Court respectfully RECOMMENDS that the motion to transfer venue (Docket Entry No. 34) filed by Defendants Corrections Corporation of America, Joe Easterling, Terrance Dickerson, Deanne Mills, Dorothy Robertson, Derek Cannon, and Marquita Marshall be GRANTED and that this action be TRANSFERRED to the Western District of Tennessee, Eastern Division.[2]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[2] Rulings on the pending motions filed by Defendants Schofield and Ray (Docket Entry Nos. 32 and 46) should be reserved for consideration by the Western District of Tennessee.